**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE SCHIRMACHER, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>KONINKLIJKE PHILIPS N.V.; §<br>PHILIPS RS NORTH AMERICA LLC; §<br>PHILIPS NORTH AMERICA LLC; §<br>PHILIPS HOLDING USA, INC.; §<br>PHILIPS RS NORTH AMERICA §<br>HOLDING CORPORATION; §<br>WM. T. BURNETT FOAM LLC; §<br>WM. T. BURNETT & CO.; §<br>WM. T. BURNETT MANAGEMENT, §<br>INC.; §<br>WM. T. BURNETT HOLDING LLC; §<br>WM. T. BURNETT & CO., §<br>INCORPORATED; §<br>WM. T. BURNETT FIBER LLC; §<br>WM. T. BURNETT IP LLC; and §<br>HEALTH TECHNOLOGY RESOURCES §<br>LLC §<br>§<br>*Defendants*. § | CASE NO. 1:22-cv-04356 |

**NOTICE OF REMOVAL**

Defendant Philips RS North America LLC ("Philips RS") hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Circuit Court of Cook County, Illinois, in which it is now pending at No. 2022 L 006181 (the "Underlying Action"), to the United States District Court for the Northern District of Illinois, Eastern Division, and states as follows:

I.     INTRODUCTION

1.      On July 11, 2022, Plaintiff Jane Schirmacher ("Plaintiff") filed a complaint in the State Court for the Circuit Court of Cook County, Illinois, No. 2022 L 006181 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.      Pursuant to 28 U.S.C. § 1446(a), the Complaint is attached.  Upon information and belief, no other process, pleadings, or orders have been served on Philips RS in this litigation as of the date of this filing.

3.      By filing a Notice of Removal, Philips RS does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Philips RS specifically reserves its right to assert any defenses and objections to which it is entitled.

4.      Philips RS, Philips North America LLC ("Philips North America"), Philips Holding USA, Inc. ("Philips Holding"), and Philips RS North America Holding Corporation ("Philips RS Holding") are collectively referred to as "Philips" or "Philips Defendants."[1]

II.     FACTUAL BACKGROUND

5.      Plaintiff alleges that the Philips Defendants manufacture and sell ventilators, Continuous Positive Airway Pressure ("CPAP"), Bilevel Positive Airway Pressure ("BiPAP") machines, and mechanical ventilators.  Ex. A, ¶¶ 16, 40.  Plaintiff alleges that these machines contained polyester-based polyurethane ("PE-PUR") sound abatement foam.  *Id*. ¶¶ 23, 46.

---

[1] Based on information and belief, as of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action.  Plaintiff admits that Koninklijke Philips N.V. is a company established under the laws of The Netherlands, headquartered in Amsterdam, Netherlands, and therefore is diverse from Plaintiff.  Ex. A, ¶ 2.

2

6.  Plaintiff alleges that, on June 14, 2021, Philips issued a recall notification for many of its CPAP and BiPAP devices and a number of its ventilator devices (the "Recalled Devices"), due to potential health risks related to the alleged degradation of the PE-PUR sound-abatement foam used in the affected devices. *Id*. ¶¶ 19-21, 49.

7.  Plaintiff alleges, on information and belief, that defendants WM. T. Burnett Foam LLC, WM. T. Burnett & Co., WM. T. Burnett Management, Inc., WM. T. Burnett Holding LLC, WM. T. Burnett & CO., Incorporated, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC (collectively the "Burnett Defendants") manufactured the PE-PUR sound abatement foam used in the Recalled Devices. *Id.* ¶¶ 23, 47-48, 60-61.

8.  Plaintiff alleges that the PE-PUR sound abatement foam may degrade and off-gas certain chemicals which may pose certain health risks to users including headache, irritation, inflammation, respiratory issues, and toxic and carcinogenic effects. *Id*. ¶¶ 20-22, 50-54.

9.  Plaintiff also alleges, on information and belief, that she was prescribed and used one of the Recalled Devices, a Philips REMstar CPAP, (the "Device"), which she allegedly obtained from Defendant Health Technology Resources LLC ("Health Technology Resources") in 2012. *Id.* ¶¶ 24, 67, 69. Plaintiff further alleges that at the time she acquired the Device "it was in the same condition in all relevant respects as when it left Philips' control." *Id.* ¶ 73.

10.  Plaintiff alleges that as a result of using the Device she was diagnosed with brain cancer (glioblastoma) on December 31, 2021. *Id.* ¶¶ 26, 30, 77. Plaintiff alleges that in addition to her cancer diagnosis, she also suffered permanent injuries, serious and substantial life-altering personal injuries including deep vein thrombosis which required her

to receive an inferior vena cava filter, and was further required to undergo surgeries and chemotherapy. *Id.* ¶¶ 26-30, 32-33, 77.

11. Plaintiff also claims she has suffered emotional damages, past and future pain and suffering, *id.* ¶¶ 30, 32-33, 77, permanent diminishment of quality of life, loss of enjoyment of life, physical impairment and disfigurement, and past and future economic damages, *id.* ¶ 77.[2]

12. Plaintiff has attempted to assert causes of action in strict products liability for design defect, *id.* ¶¶ 111-128, failure to warn, *id.* ¶¶ 129-139, and manufacturing defect and failure to adhere to quality controls, *id.* ¶¶ 140-147, as well as causes of action for negligence, *id.* ¶¶ 148-158, negligent misrepresentation, *id.* ¶¶ 159-165, breach of express warranty, *id.* ¶¶ 166-176, breach of implied warranty of merchantability, *id.* ¶¶ 177-182, breach of implied warranty for a particular purpose, *id.* ¶¶ 183-88, and violation of the Illinois Consumer Fraud and Deceptive Protective Act, *id.* ¶¶ 189-211.

13. Plaintiff also demands punitive damages. *Id.* ¶¶ 212-218.

14. Plaintiff alleges that the Philips Defendants manufactured the Device. *See e.g.*, *id.* ¶¶ 15-25 (describing Philips Defendants' history of manufacturing CPAP devices, BiPAP devices, and mechanical ventilators); *see also id.* ¶¶ 45-46; 48; 52; 59; 62-65.

15. Furthermore, Plaintiff allege that Health Technology Resources merely provided her with the Device. *See id.* ¶¶ 1, 24. This is the only substantive allegation against Health Technology Resources in the Complaint.

---

[2] *See also id.* ¶¶ 128, 139, 147, 155-156, 165, 176, 182, 188, 211.

III.   GROUNDS FOR REMOVAL

16.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

17.    This court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

   a.   There is complete diversity among the parties.

18.    Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Accordingly, "no plaintiff" can be "a citizen of the same state as any defendant."  *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F. 3d 415, 420 (7th Cir. 2016).

19.    The general rule is that diversity is determined at the time of removal.  *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("[J]urisdiction is determined as of the instant of removal"); *see Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007) ("Federal courts determine removal jurisdiction at the moment that the case is removed."); *see also Inergy Propane, LLC v. Case Lortz & Sons Mfg. Co.*, No. 10-CV-781, 2010 WL 3034196, at *1 (N.D. Ill. Aug. 2, 2010).

i. Plaintiff is an Illinois citizen.

20.     An individual is a citizen of the state in which he or she is domiciled.  *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 776 (2022); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

21.     "Domicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state."  *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009), *as amended* (June 10, 2009).

22.     Residence is one manner in which domicile may be demonstrated.  *Id.* at 931-32 (enumerating factors that may lead to domicile and noting that "no single factor is dispositive").

23.     Plaintiff states that she is, and at all times relevant was, a resident of Cook County Illinois. Ex. A, ¶¶ 1, 37, 39.  Additionally, she allegedly purchased the Device from an Illinois retailer, *id.* ¶ 24, used the Device in her home (in Illinois) since 2012, *id.* ¶ 25, received medical treatment in Cook County, *id.* ¶ 27, and chose to file this case in Illinois state court using Illinois counsel.

24.     These factors demonstrate that Plaintiff is domiciled in Illinois, making her a citizen of Illinois.  There is no evidence alleged that contradicts this conclusion.

ii. Defendants Philips RS and Philips RS Holding are citizens of Massachusetts and Delaware.

25.     Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania.  **Exhibit B, Philips RS North America LLC Corporate Records & Business Registrations**.

26.     As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Thomas v. Guardsmark, LLC*, 487

F. 3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.") (citation omitted); *Wolf v. Kennelly*, 540 F. Supp. 2d 955, 960 (N.D. Ill. 2008) ("[T]he citizenship of a limited liability company is the citizenship of each member of that company").

27.     Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141.  **Exhibit C, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

28.     For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

29.     Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

iii.     Defendants Philips North America and Philips Holding are citizens of Delaware and Massachusetts.

30.     Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts.  **Exhibit D, Philips North America LLC Corporate Records & Business Registrations.**  Philips North America is wholly owned by a single member, Philips Holding, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit E, Philips Holding USA, Inc. Corporate Records & Business Registrations**.

31.     Accordingly, because Philips Holding is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts.  *See*

*Thomas*, 487 F. 3d at 534 (explaining that an LLC is a citizen of the states where its members are citizens); *Wolf*, 540 F. Supp. 2d at 960 (same); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is citizen of both the state where it is incorporated and state where it has its principal place of business). Therefore, Philips North America and Philips Holding are both diverse from Plaintiff.

> iv. Defendant WM. T. Burnett & Co. is a trade name and thus its citizenship is irrelevant.

32. Defendant WM. T. Burnett & Co. is a trade name registered in Maryland. *See* **Exhibit F, WM. T. Burnett & Co. Trade Name Renewal**.

33. In determining whether a civil action is removable based on diversity jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded[.]" 28 U.S.C. § 1441(b)(1).

34. "This rule has been applied to deny remand based on the alleged citizenship of a party identified only by trade name." *DHW Purchasing Grp., LLC v. Hub Int'l Midwest Ltd.*, No. 3:19-CV-1243-CMC, 2019 WL 5586873, at *2 (D.S.C. Oct. 30, 2019) citing *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (stating case was "lawfully" removed where arguably non-diverse party "was only a trade name and not a legal entity") and *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 (4th Cir. 2002) (a trade name "is not a separate legal entity capable of being sued"); *see Kenney v. Strauss Troy Co., LPA*, CV 16-208-DLB-CJS, 2017 WL 2457152, at *3, n.2 (E.D. Ky. June 6, 2017) (denying motion to remand and disregarding the citizenship of professional service company that was a fictitious entity and not a legal entity separate from a law firm partnership, but merely another name for the law firm); *Shaffer v. DaVita Southwest Ohio Dialysis*, 3:13-CV-232, 2013 WL 5366090, at *3 n.3 (S.D. Ohio Sept. 24, 2013)

(rejecting plaintiffs' argument that DaVita Southwest Ohio Dialysis is an Ohio citizen merely because of its registration of a fictitious name in Ohio and that it conducts business in Ohio).

35.    Thus, WM. T. Burnett & Co.'s citizenship is of no consequence when determining complete diversity because it is a trade name, not the name of any existing legal entity.

36.    In any event, as a Maryland registrant, Defendant WM. T. Burnett & Co. is diverse from Plaintiff, which Plaintiff admits in the Complaint.  Ex. A, ¶ 9.

> v.    Defendants WM. T. Burnett & Co., Incorporated, and WM. T. Burnett Management, Inc. are citizens of Maryland.

37.    Defendants WM. T. Burnett & Co., Incorporated and WM. T. Burnett Management, Inc. are Maryland corporations each with their principal place of business at 1500 Bush Street, Baltimore MD 21230-1996.  *See* **Exhibit G, WM. T. Burnett & Co., Incorporated Business Entity Records**; **Exhibit H, WM. T. Burnett Management, Inc. Business Entity Records**.

38.    Accordingly, WM. T. Burnett & Co., Incorporated and WM. T. Burnett Management, Inc. are Maryland citizens and diverse from Plaintiff.  28 U.S.C. § 1332(c)(1) (explaining that a corporation is citizen of both the state where it is incorporated and state where it has its principal place of business).  Plaintiff admits diversity in her Complaint.  Ex A. ¶ 10 (admitting diversity of WM. T. Burnett & Co., Incorporated); *id*. ¶ 8 (admitting diversity of WM. T. Burnett Management, Inc.).

> vi.    Defendants WM. T. Burnett Foam LLC, WM. T. Burnett Holding LLC, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC are citizens of Maryland.

39.    Defendants WM. T. Burnett Foam LLC, WM. T. Burnett Holding LLC, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC are Maryland limited liability companies.  *See*

**Exhibit I, WM. T. Burnett Foam LLC Business Entity Records**; **Exhibit J, WM. T. Burnett Holding LLC Business Entity Records**; **Exhibit K, WM. T. Burnett Fiber LLC Business Entity Records**; **Exhibit L, WM. T. Burnett IP LLC Business Entity Records**.

40.     Based on information and belief, each of WM. T. Burnett Foam LLC, WM. T. Burnett Holding LLC, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC is owned by a single member, WM. T. Burnett Management, Inc. *Id.*

41.     Accordingly, as explained above, because WM. T. Burnett Management, Inc. is a citizen of Maryland, WM. T. Burnett Foam LLC, WM. T. Burnett Holding LLC, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC are also citizens of Maryland. *See Thomas*, 487 F. 3d 531 at 534 (7th Cir. 2007) (explaining that an LLC is a citizen of the states where its members are citizens); *Wolf*, 540 F. Supp. 2d at 960 (same); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is citizen of both the state where it is incorporated and state where it has its principal place of business).

42.     Therefore, WM. T. Burnett Foam LLC, WM. T. Burnett Holding LLC, WM. T. Burnett Fiber LLC, and WM. T. Burnett IP LLC are diverse from Plaintiff.

> vii.   <u>Defendant Health Technology Resources is a citizen of Delaware and Kentucky.</u>

43.     Plaintiff alleges that Health Technology Resources is an Illinois limited liability company with its principal place of business in Illinois. Ex. A, ¶ 14. However, for jurisdictional purposes, a court must look only to the members of the limited liability company and not the limited liability company's principal place of business or place of incorporation. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[F]or diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members.

The notice of removal therefore gave two pieces of irrelevant information about [the LLC] (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members.").

44.     Health Technology Resources is wholly owned by PHM Logistics Corporation, its only member. *See* Quipt Home Medical Corp., Annual Information Form (Form 6-K) at 4 (January 3, 3022) (reporting the corporation's corporate structure to the Securities and Exchange Commission); Ex. R ¶ 5; Ex. P.

45.     PHM Logistics Corporation is a Delaware corporation with its principal place of business in Kentucky. *Id*.; **Exhibit M, PHM Logistics Corporation Delaware 2021 Tax Record**; Ex. R ¶ 5; Ex. P.

46.     Accordingly, because PHM Logistics Corporation is a citizen of both Delaware and Kentucky, Health Technology Resources also is a citizen of both Delaware and Kentucky. *See Thomas*, 487 F. 3d 531 at 534 (7th Cir. 2007) (explaining that an LLC is a citizen of the states where its members are citizens); *Wolf*, 540 F. Supp. 2d at 960 (same); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is citizen of both the state where it is incorporated and state where it has its principal place of business).

47.     Therefore, Health Technology Resources LLC is diverse from Plaintiff.[3]

---

[3] Even assuming, *arguendo*, Health Technology Resources is an Illinois company, it is fraudulently joined. The citizenship of a fraudulently joined defendant is ignored when determining diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F. 3d 875, 878 (7th Cir. 1999); *Poulos v. Naas Foods, Inc.*, 959 F. 2d 69, 73-74 (7th Cir. 1992); *Xiaofa Shi v. Am. Honda Motor Co., Inc.*, No. 11C2682, 2011 WL 5403618, at *1-2 (N.D. Ill. Nov. 8, 2011). Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action. *Poulos*, 959 F. 2d at 73. Plaintiff's claims against Health Technology Resources are barred because it is a retailer or distributor within the meaning of 735 Ill. Comp. Stat. 5/2-621 (The "Illinois Distributor Statute"). The Illinois Distributor Statute requires that the retailer of an allegedly defective item must be dismissed from the case if the manufacturer is identified. *Casara*

viii.  There is complete diversity between the parties.[4]

48.    Thus, based on the foregoing, there is complete diversity between the parties:

| Plaintiff | Defendants |
|---|---|
| Jane Schirmacher (IL) | Philips RS (DE/MA)<br>Philips North America (DE/MA)<br>Philips Holding (DE/MA)<br>Philips RS Holding (DE/MA)<br>WM. T. Burnett & Co., Incorporated (MD)<br>WM. T. Burnett Management, Inc. (MD)<br>WM. T. Burnett Holding LLC (MD)<br>WM. T. Burnett Foam LLC (MD)<br>WM. T. Burnett Fiber LLC (MD)<br>WM. T. Burnett IP LLC (MD)<br>Health Technology Resources (DE/KY) |

b.  The amount in controversy requirement is satisfied.

49.    There plainly is more than $75,000 in controversy.  *See* 28 U.S.C. § 1332(a).

---

*v. Menard, Inc.*, No. 21 C 6456, 2022 WL 474151, at *1 (N.D. Ill. Feb. 16, 2022); *Vriner v. Teva Pharms. USA, Inc.*, No. 21 C 1497, 2021 WL 4942047, at *4 (N.D. Ill. Oct. 23, 2021) (dismissing non-manufacturing defendant when the plaintiffs positively identified and joined the manufacturing defendant in its complaint); *see Clay v. Philip Morris USA Inc.*, No. 18-CV-03549, 2020 WL 5540196, at *3 (N.D. Ill. Feb. 20, 2020) (dismissing case against non-manufacturer because Illinois Distributor Statute applied when plaintiff joined manufacturing defendants in the complaint and thus, no affidavit certifying the manufacturer was required); *Goesel v. Boley Int'l (H.K.) Ltd.*, 664 F. Supp. 2d 923, 926 (N.D. Ill. 2009) (same); *Xiaofa Shi*, 2011 WL 5403618, at *2 (finding fraudulent joinder and denying remand based on the Illinois Distributor Statute). Plaintiff alleges throughout her Complaint that the Philips Defendants manufactured the Device (*see e.g.,* Ex. A, ¶¶ 15-25;45-46; 48; 52; 59; 62-65) and that Health Technology Resources merely provided her with the Device pursuant to a prescription (*see id.* ¶¶ 1, 24).  Accordingly, the Illinois Distributor Statute applies and thus, Plaintiff cannot maintain a cause of action against Health Technology Resources.  Health Technology Resources has been fraudulently joined and its citizenship is irrelevant for purposes of removal based on diversity jurisdiction.

[4] Again, based on information and belief, Koninklijke Philips N.V. has not been served with the Complaint in this action.  Plaintiff admits that Koninklijke Philips N.V. is a company established under the laws of The Netherlands, headquartered in Amsterdam, Netherlands, and therefore is diverse from Plaintiff.  Ex. A, ¶ 2.

50.     Plaintiff does not explicitly plead in the Complaint that the amount in controversy exceeds $75,000.  Given the nature and extent of Plaintiff's alleged injuries, however, the amount in controversy plainly exceeds the jurisdictional threshold.

51.     Although Philips RS denies any liability to Plaintiff, the nature of the case (a medical device products liability action), the harms alleged (cancer, permanent injury and disfigurement, past and future medical expenses, past and future economic damages, past and future pain and suffering, loss of a normal life), and the nature of the damages requested (compensatory damages and punitive damages) clearly place far more than $75,000 in controversy.

52.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018); *Abraham v. State Farm Mutual Auto. Ins. Co.*, 2020 WL 1433782, at *3 (N.D. Ill. Mar. 24, 2020) (citing *Dart Cherokee*, 574 U.S. 81).

53.     In *Wragge v. Boeing Co.*, the court found the amount-in-controversy requirement satisfied where plaintiffs alleged past and future "health effects," including "lung damage/scarring . . . [and] cognitive defects," "pain, suffering, mental anguish, emotional distress, physical impairment, loss of normal enjoyment of life, medical bills and expenses" and "loss of wage earning capacity."  532 F. Supp. 3d 616, 624 (N.D. Ill. 2021) (denying motion to remand and finding "[s]uch allegations . . . make it more than likely that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction").

54.     In *Majchrzak by and through Majchrzak v. Gap, Inc.*, the amount-in-controversy requirement was satisfied where plaintiffs alleged, *inter alia*, "severe and

13

permanent injuries," "substantial medical, hospital and therapy bills," and "depriv[ation] of the ability and capacity to attend most social and personal activities." No. 17-CV-06604, 2018 WL 2220292, at *4 (N.D. Ill. May 15, 2018) (denying remand).

55. "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (holding that removal was proper on other grounds, but finding "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages" where "Plaintiffs alleged that they suffered 'lasting and permanent injuries,'" "incurred bills related to 'medical, surgical, hospital, and nursing care for their injuries,'" "'[lost] wages and profits which they otherwise would have earned and acquired,'" and experienced "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis").[5]

56. Plaintiff alleges injuries that are similar to the injuries alleged in *Wragge*, *Majchrzak*, and *McCoy*. Based on these allegations, it is clear Plaintiff asserts claims that, if

---

[5] Other courts are in agreement. *See Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. May 11, 2007) (denying remand and finding allegations "likely amount to claims in excess of $75,000" where plaintiff sought to recover for a permanent injury, as well as pain and suffering, punitive damages, and past and future medical expenses); *Milter v. Wright Medical Group, Inc.*, 11-CV-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (denying remand and finding "no doubt" that plaintiff's alleged injuries "more likely than not" exceeded $75,000 where plaintiff alleged that a medical device manufactured by defendants was defective, requiring plaintiff to incur revision surgery, hospitalization, elevated levels of toxic metals in plaintiff's blood, disability, medical expenses, lost wages, and physical and mental pain and suffering).

proved, would exceed $75,000.00. Accordingly, the amount-in-controversy requirement is satisfied.[6]

## IV. VENUE

57. This lawsuit may be removed to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

58. The United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district encompassing the Circuit Court of Cook County, Illinois, where this suit was originally filed. 28 U.S.C § 93(a)(1).

59. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit N, Transfer Order**.

60. It is anticipated that this case will be transferred to the MDL following removal.

## V. CONSENT

61. Each defendant consents to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2). *See* **Exhibit O, Burnett Defendants' Consent to Removal**; **Exhibit P, Health Technology Resources Consent to Removal and Confirmation of Citizenship**; **Exhibit Q, Declaration of Burnett Defendants' Counsel Regarding Removal; Exhibit R, Declaration**

---

[6] Additionally, punitive damages, which Plaintiff demands, contribute towards the amount in controversy, making it even clearer that the amount in controversy is satisfied. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012) (concluding that the district court had subject matter jurisdiction because punitive damages contributed to the amount in controversy for diversity jurisdiction).

of Healthy Technology Resources LLC's Defendants' Counsel Regarding Removal; Exhibit S, Declaration of Philips North America LLC, Philips Holding USA, Inc, and Philips RS North America Holding Corporation's Counsel Regarding Removal.

## VI.    NOTICE OF REMOVAL IS TIMELY

62.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

63.    Philips North America was served on July 26, 2022.  **Exhibit T, Service of Process on Philips North America LLC**.

64.    Based on information and belief, no other Philips Defendant has been served and thus this notice is timely because it has been filed before 30 days after service.[7]

65.    Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

## VII.    PROCEDURE

66.    Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will promptly be filed with the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

67.    Included with this Notice of Removal is the filing fee required by 28 U.S.C. § 1914.

---

[7] Based on information and belief, Health Technologies was served on July 19, 2022 and WM Burnett has not been served.  This notice of removal thus is filed within 30 days of service on the earliest-served defendants.  Moreover, even "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

VIII.     CONCLUSION

Philips RS respectfully removes this action from the Circuit Court of Cook County,

Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Scott Schutte |
| John P. Lavelle, Jr. | Scott T. Schutte |
| **MORGAN, LEWIS & BOCKIUS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 1701 Market Street | 110 North Wacker Drive |
| Philadelphia, PA 19103-2921 | Chicago, IL 60606-1511 |
| Telephone:     +1.215.963.5000 | Telephone:     +1.312.324.1773 |
| Facsimile:     +1.215.963.5001 | Facsimile:     +1.312.324.1001 |
| *john.lavelle@morganlewis.com* | *scott.schutte@morganlewis.com* |

*Of Counsel for Defendant Philips RS North America LLC*

*Attorneys for Defendant Philips RS North America LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone:     +1.310.712.6670
Facsimile:     +1.310.712.8800
*steinbergm@sullcrom.com*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004-2498
Telephone:     +1.212.558.7375
Facsimile:     +1.212.558.3588
*monahanw@sullcrom.com*

*Of Counsel for Defendants Philips North America LLC, Philips Holding USA, Inc., Philips RS North America Holding Corporation*

Dated:  August 17, 2022

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2022, a true and exact copy of the foregoing document was served through the court's CM/ECF system, via first class mail, and via email as follows:

David D. Gallagher
**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
Tel:    (312) 726-2699
Fax:    (312) 726-6851
DGallagher@mnlawoffice.com

*Counsel for Plaintiff*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067-1725
Telephone:    +1.310.712.6670
Facsimile:    +1.310.712.8800
*steinbergm@sullcrom.com*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:    +1.212.558.7375
Facsimile:    +1.212.558.3588
*monahanw@sullcrom.com*

*Attorneys for Defendants Philips North America LLC, Philips Holding USA, Inc., Philips RS North America Holding Corporation*

Frederick W. Bode, III
**DICKIE, MCCAMEY & CHILCOTE, P.C.**
Two PPG Place
Suite 400
Pittsburgh, PA 15222-5402
Tel:    412-281-7272
Fax:    888-811-7144
rbode@dmclaw.com

*Counsel for:*   *WM. T. Burnett & Co., Incorporated;*
                *WM. T. Burnett Management, Inc.;*
                *WM. T. Burnett Holding LLC;*
                *WM. T. Burnett Foam LLC;*
                *WM. T. Burnett Fiber LLC;*
                *WM. T. Burnett IP LLC;*

Peter J. O'Shea
**KATZ TELLER**
255 East Fifth Street, 24th Floor
Cincinnati, Ohio 45202-4724
Tel:    513.721.4532
Fax:    513.762.0000
poshea@katzteller.com

*Counsel for:   Health Technology Resources LLC*

*/s/ Scott Schutte*